UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROSEMERE NEIGHBORHOOD ASSOCIATION, a Washington non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; an agency of the United States Department of the Interior; STEPHEN L. JOHNSON, in his official capacity as Administrator of the Environmental Protection Agency,<br><br>    Defendants. | CASE NO. C07-5080BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendants' Motion for Protective Order (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts underlying this case, according to the complaint, are as follows: The Rosemere Neighborhood Association ("Rosemere") is a non-profit organization in Clark County, Washington. Dkt. 1 at 4. The Rosemere neighborhood is populated by low-income racial minorities and is characterized by high rates of crime and unemployment. *Id*.

ORDER – 1

Rosemere filed a Title VI complaint with the Environmental Protection Agency ("EPA") Office of Civil Rights, alleging that the City of Vancouver ("City") had been discriminatory in its provision of municipal services such as storm water and septic system management. *Id.* at 2. The City then revoked Rosemere's recognition as an official neighborhood association, which Rosemere contends resulted in damages, including loss of community support grants. *Id.* In December of 2003, the City filed a second Title VI complaint alleging retaliation (the "Retaliation Complaint") by the City. *Id.* The Office of Civil Rights initially failed to respond to the Retaliation Complaint, and Rosemere filed suit. *Id*; *Rosemere Neighborhood Association v. Uniteed States Evionmental Protection Agecy*, C05-5443FDB. That case was dismissed as moot because the Office of Civil Rights ultimately did take action on the complaint.

On February 20, 2007, Rosemere again filed suit seeking a declaratory judgment that the EPA failed to act on Rosemere's Retaliation Complaint. Dkt. 1. On April 30, 2007, the Office of Civil Rights issued a final investigative report and decision letter in response to the retaliation complaint. Dkt. 8-2, Exh. A. Defendants contend that issuance of the investigative report and decision letter renders Plaintiff's claims moot. Dkt. 14 at 3.

Defendants moved to dismiss the complaint, contending that Rosemere's claims are moot. Dkt. 7 at 3. In response, Rosemere moved to stay the briefing on Defendants' Motion to Dismiss or, in the alternative, for a 45-day extension. Dkt. 9. On May 10, 2007, the Honorable Franklin D. Burgess ordered that further briefing on Defendants' Motion to Dismiss (Dkt. 7) be held in abeyance pending the Court's resolution of a motion for a protective order, which had not yet been filed. Dkt. 12 at 2. Judge Burgess further established alternative briefing schedules on Defendants' Motion to Dismiss, depending upon the Court's ruling on any motion for a protective order. *Id.*

On July 6, 2007, Defendants moved for entry of a protective order relieving them of the obligation to respond to Rosemere's discovery requests. Dkt. 14 at 1. Defendants contend that Plaintiff's discovery requests are improper because the Court's review in this case is confined to

the administrative record and because discovery into jurisdictional issues is neither necessary nor appropriate. *Id.* at 4, 5.

## II. DISCUSSION

### A. PERMISSIBILITY OF DISCOVERY

Generally, judicial review of agency action is limited to review of the administrative record, but certain circumstances may justify expanding the court's review beyond the record or permitting discovery. *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988), *amended by* 867 F.2d 1244. Principles of administrative law allow consideration of supplemental materials if (1) the materials are necessary to determine whether the agency considered all relevant factors and sufficiently explained its decision; (2) the agency relied on documents or materials not included in the record; (3) the materials are necessary to explain technical terms or complex subject matter involved in the agency action; or (4) a strong showing of agency bad faith is made. *See Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 703-04 (9th Cir. 1996). Neither party has moved to supplement the record, and the issue is therefore not yet before the Court.

Defendants contend that discovery is disallowed in cases challenging an administrative agency's decision. Dkt. 14 at 4. Rosemere contends that it cannot adequately respond to Defendants' Motion to Dismiss without discovery into factual issues demonstrating the likelihood of similar agency delays occurring in the future. Dkt. 15 at 5. In the pending Motion to Dismiss, Defendants seek dismissal of Plaintiff's claims on the grounds that they are moot. Dkt. 7. In other words, the Motion to Dismiss does not require the Court to review the legality of the Environmental Protection Agency's actions. In support of the Motion to Dismiss, Defendants admittedly have submitted materials outside of the administrative record. *See* Dkt. 8 (Higginbotham Declaration). Defendants characterize their use of extra-record materials as only "informative" and not necessary to the Court's determination of whether Rosemere's claims are moot. Dkt. 14 at 6. Such evidence may be useful in determining whether Rosemere's claims are moot. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (When deciding a jurisdictional

attack alleging mootness, courts may look beyond the complaint to matters of public record without converting a motion to dismiss into one for summary judgment.). The Court should therefore permit the parties to engage in discovery limited to determining whether Plaintiff's claims are moot.

**B.     PLAINTIFF'S DISCOVERY REQUESTS**

Having determined that the parties may engage in limited discovery, the Court now addresses whether Plaintiff's discovery requests thus far are sufficiently tailored to issues raised in the Motion to Dismiss. Rosemere contends that its claims are not rendered moot merely because the Environmental Protection Agency voluntarily ceased its allegedly illegal behavior. Dkt. 15 at 4; *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953) ("[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.").

The case or controversy requirement of Article III demands dismissal when the issues presented are no longer "live" or the parties lack a cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). A case becomes moot when it "loses its character as a present, live controversy of the kind that must exist" in order to avoid "advisory opinions on abstract questions of law." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001).

The standard for the voluntary cessation exception to mootness is "whether the defendant is free to return to its illegal action at any time." *Public Utilities Comm'n of California v. Federal Energy Regulatory Comm'n*, 100 F.3d 1451, 1460 (9th Cir. 1996). In order to meet its stringent burden, a defendant must demonstrate that subsequent events have made it "absolutely clear" that the allegedly wrongful behavior cannot reasonably be expected to occur again. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir. 1999).

While Defendants' reply contests whether the voluntary cessation exception applies, that issue is not yet before the Court. The question raised by Defendants' Motion for Protective Order (Dkt. 14) is whether Rosemere's discovery requests exceed the scope of the issues raised in Defendants' Motion to Dismiss (Dkt. 7) such that a protective order is warranted. For purposes

ORDER – 4

of addressing Defendants' Motion to Dismiss (Dkt. 7), Rosemere's discovery requests should concern the Environmental Protection Agency's practices in handling complaints such as Rosemere's and how the EPA's claims handling processes have changed to prevent the EPA from returning to its allegedly illegal action. The Court will address each of Rosemere's discovery requests in turn.

### 1.     Interrogatory 1

Sub-parts (a), (b), and (f) of Interrogatory 1 do not attempt to compare the EPA's practices before and after the EPA issued the investigative report on Rosemere's Retaliation Complaint and are therefore beyond the scope of Defendants' Motion to Dismiss (Dkt. 7). *See* Dkt. 14-2, Exh. A at 5-6. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to sub-parts (a), (b), and (f) of Interrogatory 1 and otherwise denied as to Interrogatory 1.

### 2.     Interrogatory 2 and Requests for Admission 6 and 9

Interrogatory 2 contains several questions regarding the case manager initially assigned to handle Rosemere's Retaliation Complaint. Dkt. 14-2, Exh. A at 7. According to Defendants, the initial case manager demonstrated a lack of impartiality towards Rosemere and no longer works with the Office of Civil Rights. Dkt. 8 at 2. Request for Admission 6 seeks an admission that the delay in processing Rosemere's Retaliation Complaint is not solely attributable to the initial case manager. Dkt. 14-2, Exh. A at 10. Request for Admission 9 seeks an admission that assigning a new case manager did not prevent a delay in handling the Retaliation Complaint. Dkt. 14-2, Exh. A at 10. Interrogatory 2 is not aimed at determining whether Defendants are free to return to their allegedly illegal behavior. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Interrogatory 2 and denied as to Requests for Admission 6 and 9.

### 3.     Interrogatory 3

This interrogatory seeks information regarding the EPA's steps to resolve the Retaliation Complaint informally. Dkt. 14-2, Exh. A at 8. This subject is beyond the scope of Defendants' Motion to Dismiss.  Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Interrogatory 3.

ORDER – 5

**4.     Interrogatory 4**

This interrogatory broadly seeks information regarding typical staff participation in the investigation and processing of Title VI complaints. Dkt. 14-2, Exh. A at 8. This interrogatory is not limited to determining whether Rosemere's claims are moot. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Interrogatory 4.

**5.     Interrogatory 5**

This interrogatory seeks information regarding staff participation in the investigation and processing of the Retaliation Complaint. Dkt. 14-2, Exh. A at 8. This interrogatory is not limited to determining whether Rosemere's claims are moot. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Interrogatory 5.

**6.     Interrogatory 6 and Requests for Admissions 3, 4, 7, 8, 10, 12, 13, 16, and 20**

These discovery requests concern changes in staffing and how staffing and resources affect the EPA's ability to process claims. Dkt. 14-2, Exh. A at 8-11. Information responsive to these requests may illustrate whether Defendants are free to delay the handling of Title VI complaints in the future. Defendants' Motion for Protective Order (Dkt. 14) should be denied as to Interrogatory 6 and Requests for Admissions 3, 4, 7, 8, 10, 12, 13, 16, and 20.

**7.     Interrogatories 7 and 8**

These interrogatories concern interviews conducted in the course of investigating the Retaliation Complaint and are not geared towards the EPA's claims handling practices before and after the EPA processed Rosemere's Retaliation Complaint. Dkt. 14-2, Exh. A at 8. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Interrogatories 7 and 8.

**8.     Interrogatory 9**

This interrogatory seeks information regarding the investigation of the funding nexus between the EPA and the City of Vancouver and is not limited to determining whether Rosemere's claims are moot. *See* Dkt. 14-2, Exh. A at 8. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Interrogatory 9.

ORDER – 6

**9.     Interrogatories 10 and 11 and Requests for Admission 11, 14, and 15**

These requests concern complaints filed within the past five years in which the EPA failed to take action within the prescribed time limit. Dkt. 14-2, Exh. A at 9-11. Information regarding similar EPA practices regarding other complaints may be useful in determining whether the EPA's practices with respect to Rosemere's Retaliation Complaint are typical and likely to be repeated. As written, however, the interrogatories are too broad. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Interrogatories 10 and 11 and Requests for Admission 11, 14, and 15.

**10.    Requests for Admission 1, 2, 5, 17, 18, 19**

These requests concern the EPA's legal obligations and whether the EPA upheld these obligations with respect to the Retaliation Complaint. Dkt. 14-2, Exh. A at 9-11. This is the subject matter of the underlying suit and not of Defendants' Motion to Dismiss. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Requests for Admission 1, 2, 5, 17, 18, 19.

**11.    Requests for Admission 21, 22, 23, 24, and 25**

These requests concern the likelihood that future Association complaints will not be handled by the EPA in a timely manner. Dkt. 14-2, Exh. A at 11-12. Whether Rosemere will again file complaints with the EPA and whether such complaints will be handled in a timely manner is a matter of speculation. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Requests for Admission 21, 22, 23, 24, and 25.

**12.    Request for Production 1**

This request seeks production of all documents relating to all interrogatories and requests for admission. Dkt. 14-2, Exh. A at 12. This request is too broad. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Request for Production 1.

**13.    Request for Production 2**

This request seeks production of all documents relating to the EPA's determination that the initial case manager lacked impartiality towards Rosemere. Dkt. 14-2, Exh. A at 12. This

ORDER – 7

request is not tailored towards determining whether Plaintiff's claims are moot. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Request for Production 2.

### 14.   Request for Production 3

This request seeks all correspondence between the EPA and the City of Vancouver. Dkt. 14-2, Exh. A at 12. Such documents are relevant, if at all, only to Plaintiff's underlying claims and not to Defendants' Motion to Dismiss. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Request for Production 3.

### 15.   Request for Production 4

This request seeks production of the EPA's Administrative Record. Dkt. 14-2, Exh. A at 12. The Administrative Record in this case may assist Plaintiff in responding to Defendants' Motion to Dismiss. Defendants' Motion for Protective Order (Dkt. 14) should be denied as to Request for Production 4.

### 16.   Requests for Production 5 and 6

These requests appear to seek information regarding prospective reorganization of the Region 10 Office of Civil Rights. Dkt. 14-2, Exh. A at 12-13. These requests are too broad and are not narrowly tailored towards the issue raised in Defendants' Motion to Dismiss. Defendants' Motion for Protective Order (Dkt. 14) should be granted as to Requests for Production 5 and 6.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Protective Order (Dkt. 14) is **GRANTED in part** and **DENIED in part** as provided herein, and Defendants' Motion to Dismiss (Dkt. 7) will be renoted in accordance with the revised briefing schedule entered on May 10, 2007 (Dkt. 12).

DATED this 1st day of August, 2007.

    /s/ Benjamin H. Settle
BENJAMIN H. SETTLE
United States District Judge